## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RICHARD DEAN MEARS, DENNIS LUKASIK,
EDWARD WHITE, WALTER HENRY, CARL
HARRISON, DANIEL A. DUNCAN, PAUL SHAW,
SAMUEL GURKIN, STEVEN SANTANA, LORAN
TWYMAN, MATTHEW MATHENY, CALVIN
MEEKS, GREG MATTHEWS, TREMAINE COATS,
and DAVID HERRON,

        **Plaintiffs,**

v.                                 Civil No. 3:06-cv-15
                                         3:06-cv-16
                                         3:06-cv-17
                                         3:06-cv-18
                                         2:06-cv-18
                                         1:06-cv-25
                                         5:06-cv-17
                                         2:06-cv-19
                                         1:06-cv-26
                                         5:06-cv-18
                                         2:06-cv-20
                                         1:06-cv-27
                                         5:06-cv-19
                                         2:06-cv-21
                                         1:06-cv-28

DOMINIC A. GUTIERREZ,

        **Defendant.**

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is an "Emergency Motion for the Court's Intervention," which it received from each of the pro se plaintiffs on either February 10, 2006 or February 14, 2006. The plaintiffs are federal inmates at the Federal Correctional Institution in Morgantown, West Virginia and are housed in the Alexander Unit. In

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

their motion, the plaintiffs allege that their housing unit was without heat and that a Federal Memorandum was recently posted that limits the amount of personal property that an inmate is authorized to retain. Accordingly, the plaintiffs request that the Court enter an order directing the defendant to provide heat in the Alexander Unit and to rescind the recently posted Federal Memorandum.

Although it denied their request to proceed as a class action, the Court granted the plaintiffs' request for consolidation of the cases on April 4, 2006. The Court found that their claims clearly contain a common question of law and fact; thus, consolidation would avoid unnecessary costs and delay.

The Court referred this matter to Magistrate Judge James E. Seibert in accordance with Local Rules of Prisoner Litigation 83.01 et seq for review. On April 18, 2006, Magistrate Judge Seibert issued a Report and Recommendation, recommending that the Court dismiss without prejudice the plaintiffs' claim concerning the federal memorandum because they failed to exhaust their administrative remedies prior to bringing this lawsuit.

He further recommended that the Court dismiss with prejudice the plaintiffs' lack of heat claim because it lacks merit and is moot. Specifically, Magistrate Judge Seibert concluded that at no time was the heat turned off in the Alexander Unit, but merely was

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

reduced to 68 degrees Fahrenheit. Moreover, he noted that the plaintiffs acknowledged that the temperatures were now "durable".

The Report and Recommendation specifically warned that plaintiffs' failure to object to the magistrate judge's recommendations would result in the waiver of their appellate rights on these issues. Nevertheless, no objections were filed by any plaintiff in this matter.[1]

Consequently, the Court **ADOPTS** the Report and Recommendation in its entirety, **DISMISSES WITHOUT PREJUDICE** plaintiffs' claim concerning the federal memorandum, and **DISMISSES WITH PREJUDICE** plaintiffs' lack of heat claim. Accordingly, the Court **DENIES** plaintiffs' Emergency Motion for the Court's Intervention (dkt no. 1)and **DIRECTS** the Clerk to strike these cases from its active docket.

It is so **ORDERED**.

The Clerk is directed to mail a copy of this Order to the pro se plaintiffs and any counsel of record. The Clerk is also

---

[1] The plaintiffs' failure to object to the Report and Recommendation not only waives their appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

directed to furnish a copy of this Order to the Honorable Judges

Frederick P. Stamp, Jr., W. Craig Broadwater, Robert E. Maxwell,

and to Magistrate Judge James E. Seibert.


Dated: May 15, 2006.


                                  /s/ Irene M. Keeley
                                  IRENE M. KEELEY
                                  UNITED STATES DISTRICT JUDGE